Stanton R. Gallegos, OSB #160091
StantonGallegos@MarkowitzHerbold.com
Jermaine F. Brown, OSB #073415
JermaineBrown@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

Sarah N. Westcot*
swestcot@bursor.com
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512

Max S. Roberts, *admitted pro hac vice*
mroberts@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
*Attorneys for Plaintiffs and the Putative Class*
**Pro Hac Vice Application Forthcoming*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LIZETH JIMENEZ, AYREANNE BORDEAUX, KRYSTINE AQUINO-RORALDO, and REGINA BERRIOS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MARS, INC., MARS PETCARE US, INC., MMI HOLDINGS, INC., MEDICAL MANAGEMENT INTERNATIONAL, INC. d/b/a BANFIELD PET HOSPITAL, and VCA

Case No. 3:23-cv-01786-YY

**JOINT STIPULATION OF DISMISSAL [FRCP 41(a)(1)(A)(ii)] OF PLAINTIFFS' CLAIMS AGAINST DEFENDANTS MARS, INC., MARS PETCARE US, INC., AND MMI HOLDINGS, INC.; AND JOINT MOTION TO SEVER [FRCP 21] AND TRANSFER [28 U.S.C. § 1404(a)] THE CLAIMS OF PLAINTIFFS JIMENEZ AND BORDEAUX AGAINST DEFENDANT VCA, INC.**

INC.,

Defendants.

## I. STIPULATION

Plaintiffs Lizeth Jimenez, AyreAnne Bordeaux, Krystine Aquino-Roraldo, and Regina Berrios ("Plaintiffs") and Defendants Mars, Inc. ("Mars"), Mars Petcare US, Inc. ("Mars Petcare"), MMI Holdings, Inc. ("MMI Holdings"), Medical Management International, Inc. d/b/a Banfield ("Banfield"), and VCA, Inc. ("VCA") ("Defendants") (together with Plaintiffs, the "Parties") respectfully submit this Stipulation/Motion (i) dismissing Plaintiffs' Claims Against Defendants Mars, Inc. ("Mars"), Mars Petcare US, Inc. ("Mars Petcare"), and MMI Holdings, Inc. ("MMI Holdings"); and (ii) severing and transferring Plaintiffs Jimenez and Bordeaux's claims against VCA to the United States District Court for the Northern District of California. In support of the Stipulation, the Parties state as follows:

WHEREAS, on November 30, 2023, Plaintiffs filed their Complaint (ECF No. 1).

WHEREAS, on February 16, 2024, Plaintiffs filed their First Amended Complaint (ECF No. 13).

WHEREAS, on May 6, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint (ECF No. 22).

WHEREAS, on June 3, 2024, Plaintiffs filed a Response to the Motion to Dismiss the First Amended Complaint (ECF No. 32).

WHEREAS, on June 24, 2024, Defendants filed a Reply in Support of the Motion to Dismiss the First Amended Complaint (ECF No. 33).

WHEREAS, on July 2, 2024, the Court issued a Scheduling Order Setting a Telephone Motion Hearing on the Motion to Dismiss the First Amended Complaint for Wednesday, August 7, 2024, at 10:00 AM (ECF No. 34).

WHEREAS, on or around August 5, 2024, counsel for the Parties met and conferred regarding the Telephone Motion Hearing on the Motion to Dismiss the First Amended Complaint and agreed to negotiate the dismissal, severance, and transfer of certain of Plaintiffs' claims—rendering the Telephone Motion Hearing moot.

WHEREAS, between August 6, 2024 and December 3, 2024, the Parties continued negotiating the dismissal, severance, and transfer of certain of Plaintiffs' claims—and ultimately agreed to the following.

NOW, THEREFORE, the Parties stipulate as follows, subject to the Court's approval:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Parties, by and through their designated counsel, hereby stipulate that Plaintiffs' claims against Defendants Mars, Mars Petcare, and MMI are dismissed *with prejudice*. Each party shall bear their own fees and costs.

2. Plaintiffs Aquino-Roraldo and Berrios shall file a Second Amended Complaint against Defendant Banfield in the instant action. Banfield hereby waives all arguments as to jurisdiction and venue in the District of Oregon.

3. The Parties respectfully move the Court to sever (FRCP 21) and transfer (28 U.S.C. § 1404(a)) the claims of the VCA Plaintiffs Jimenez and Bordeaux against Defendant VCA, Inc. ("VCA") to the District Court for the Northern District of California. If granted, Plaintiffs Jimenez and Bordeaux shall file a new Complaint against VCA. VCA hereby waives all arguments as to jurisdiction and venue in the Northern District of California.

## II. JOINT MOTION TO SEVER [FRCP 21] AND TRANSFER (28 U.S.C § 1404) THE CLAIMS OF PLAINTIFFS JIMENEZ AND BORDEAUX AGAINST DEFENDANT VCA, INC.

### A. Legal Standard

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have "broad discretion to order severance of a claim." *Baker v. Vandecoevering*, 1992 WL 80939, at *2 (D. Or. 1992) (internal citations omitted). "There is no established test in the Ninth Circuit for when a district court should exercise its broad discretion to sever a claim under Rule 21." *Arcure v. Cal. Dep't of Develop. Servs.*, 2014 WL 346612, at *6 (E.D. Cal. 2014). However, in determining whether to sever a claim, a court may consider the following: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. 2010) (internal citations omitted).

28 U.S.C. § 1404 provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "'Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.'" *Karsten*, 2020 WL 4805434, at *1 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

### B. The Claims Against VCA Arise Out Of Separate Occurrences, Present Distinct Factual Questions, And Require Different Witnesses And Documentary Proof

Severance of Plaintiff Jimenez's and Plaintiff Bordeaux's claims against VCA from Plaintiff Aquino-Roraldo's and Plaintiff Berrios' claims against Banfield is proper because the claims against VCA and the claims against Banfield do not "arise out of the same transaction or occurrence." *Id.* Banfield and VCA each operate their own, independent websites, and the alleged conduct here—permitting a third party, Meta Platforms, Inc. ("Facebook"), to eavesdrop on communications sent and received on the websites—was alleged to have been done by Banfield and VCA independent of one another. Plaintiffs do not allege that VCA and Banfield collaborated with one another. Nor do Plaintiffs allege that VCA's and Banfield's websites and/or other technologies interfaced with one another.

Plaintiffs' allegations thus raise separate "questions of … fact." *Leslie*, 2010 WL 2991038, at *4. These include, *inter alia*: (1) whether VCA and/or Banfield *separately* received consent for the acts alleged; (2) whether VCA and/or Banfield can be held liable for their alleged *separate* eavesdropping; (3) and whether either/both of the *separate* sets of users of vcahospitals.com and banfield.com had a reasonable expectation of privacy. Answering these questions will require "different witnesses and documentary proof" (*Leslie*, 2010 WL 2991038, at *4) for Plaintiff Jimenez's and Plaintiff Bordeaux's claims against VCA than for Plaintiff Aquino-Roraldo's and Plaintiff Berrios' claims against Banfield.

### C. Severance Will Promote Judicial Economy

Judicial economy and effective case management would be best served through the severance of Plaintiff Jimenez's and Plaintiff Bordeaux's claims against VCA from Plaintiff Aquino-Roraldo's and Plaintiff Berrios' claims against Banfield. Although Plaintiffs' claims share a common legal theory (concerning CIPA §§ 631-632), any overlap of law is outweighed

by the differences between the VCA Plaintiffs' and Banfield Plaintiffs' respective factual allegations. Prosecuting the VCA and Banfield claims will require the development of proof from two discrete universes of facts. The entwinement of these factual records would not promote efficiency, in any way. Further, VCA has strong arguments that it is not subject to jurisdiction in this Court, but is subject to jurisdiction in California where it is headquartered. Thus, judicial economy will be promoted by severance.

### D. Severance Will Avoid Unfair Prejudice To VCA And Will Not Prejudice Plaintiffs

Severing the claims would not prejudice any party. As discussed above, there is no allegation that the VCA- and Banfield-related claims arise out of the same occurrence, raise common questions of fact, or implicate the same witnesses. Accordingly, severance will reduce the potential for prejudice stemming from confusion about the allegations and issues; allow for expedited, independent VCA- and Banfield-related discovery; and forestall attendant delays. Indeed, the parties have mutually agreed upon severance, as granting this motion will further the parties' respective interests in convenience and fairness. Further, severance will obviate VCA's arguments that it is not subject to jurisdiction in this Court. Further, Plaintiffs will not be prejudiced by the "loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). "[W]hen a court severs a claim against a [party] under Rule 21, the suit simply continues against the severed [party] in another guise … The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Rodriguez v. Anderson*, 2022 WL 16541254, at *2 (D. Or. 2022) (cleaned up).

### E. The Court May Transfer The Claims Of The VCA Plaintiffs Against VCA To California

Again, 28 U.S.C. § 1404 provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the Parties have agreed to adjudicate the claims of the VCA Plaintiffs against VCA in the Northern District of California. Therefore, there is consent to venue in that district. In addition, VCA is headquartered in Los Angeles, California, meaning it is subject to general personal jurisdiction in California. Accordingly, the factors supporting transfer are met.

## III. Conclusion

Based on the foregoing stipulation and motion, the Parties respectfully request that the Court (i) dismiss all Plaintiffs' claims against Mars, Mars Petcare, and MMI *with prejudice*; (ii) sever the claims of Plaintiffs Jimenez and Bordeaux against Defendant VCA pursuant to Fed. R. Civ. P. 21; and (iii) transfer the claims of Plaintiffs Jimenez and Bordeaux against Defendant VCA to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Dated: December 6, 2024

Respectfully submitted,

**MARKOWITZ HERBOLD PC**

By: *<u>/s/ Stanton R. Gallegos</u>*
Stanton R. Gallegos

Stanton R. Gallegos, OSB #160091
StantonGallegos@MarkowitzHerbold.com
Jermaine F. Brown, OSB #073415
JermaineBrown@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305)-330-5512
Facsimile: (305) 676-9006
E-Mail: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com

**Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiffs*

Dated: December 6, 2024

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

By: <u>*/s/ Kristin M. Asai*</u>
Kristin M. Asai

Shannon L. Armstrong
Abigail Gore
Kristin M. Asai
601 SW Second Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
Email: shannon.armstrong@hklaw.com
abigail.gore@hklaw.com
kristin.asai@hklaw.com

*Attorneys for Defendants*

## ECF CERTIFICATION

The filing attorney attests that filing attorney has obtained concurrence regarding the filing of this document from plaintiffs' counsel signatories to this document.

Date: December 6, 2024

*/s/ Stanton R. Gallegos*

Stanton R. Gallegos, OSB #160091
stantongallegos@markowitzherbold.com

2237685