HOLLAND & KNIGHT LLP
Ashley L. Shively (SBN 264912)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Phone: 415.743.6900
Fax: 415.743.6910
E-mail: ashley.shively@hkhlaw.com

HOLLAND & KNIGHT LLP
Shannon Armstrong, *pro hac vice*
Kristin Asai, *pro hac vice*
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Phone: 503.243.2300
Fax: 503.241.8014
E-mail: shannon.armstrong@hklaw.com
E-mail: kristin.asai@hklaw.com

Attorneys for Defendant VCA Inc.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIZETH JIMENEZ, AYREANNE BORDEAUX, and NICKI APAYDIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VCA, INC.,

Defendant.

Case No.: 4:25-cv-00767-YGR

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VCA INC.'S MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM**

Judge: Hon. Yvonne Gonzalez Rogers

Date: June 17, 2025
Time: 2:00 pm
Place: Courtroom 1 – 4th Floor

Complaint Filed: November 30, 2023
SAC Filed: March 14, 2025

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on June 17, 2025 at 2:00 p.m. in Courtroom 1 – 4th Floor of the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland CA 94612, or as soon thereafter as this matter may be heard, Defendant VCA Inc. ("Defendant" or ("VCA")) will move the court for an order dismissing the Second Amended Class Action Complaint filed by Plaintiffs Lizeth Jimenez, AyreAnne Bordeaux, and Nicki Apaydin for lack of standing and failure to state a claim.

This motion to dismiss is based on this notice of motion, the memoranda of points and authorities and evidence cited therein, the concurrently-filed Declarations of Kristin Asai, and any additional documents, evidence or argument that the Court might allow.

Dated: April 14, 2025

HOLLAND & KNIGHT LLP

*s/ Kristin Asai*
Ashley L. Shively
Shannon Armstrong
Kristin Asai

Attorneys for Defendant
VCA Inc.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF CONTENTS

Page

INTRODUCTION ....1

BACKGROUND ....1

I. VCA is a family of animal hospitals operating the vcahospitals.com website. ....1

II. VCA's Privacy Policy, which plaintiffs agreed to, provides that users expressly consent to the data sharing at issue. ....3

III. Plaintiffs sued VCA for allegedly wiretapping their communications on the VCA Website. ....5

LEGAL STANDARDS ....7

I. Rule 12(b)(1) ....7

II. Rule 12(b)(6) ....8

ARGUMENT ....9

I. Plaintiffs lack standing because they do not allege sufficient facts of a concrete privacy injury. ....9

II. Plaintiffs' claims should be dismissed because plaintiffs fail to allege a plausible claim under CIPA. ....12

A. Plaintiffs' claims under § 631 (Count I) and § (Count II) fail because plaintiffs consented to the sharing of customer records and purchase history with Meta ....13

B. Plaintiffs' claim under § 631 (Count I) also fails because plaintiffs fail to allege aiding and abetting by VCA. ....15

C. Plaintiffs' claim under § 632 (Count II) also fails because plaintiffs do not allege that VCA intentionally eavesdropped on any confidential communications. ....17

CONCLUSION ....20

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 8

*Bassett v. ABM Parking Servs., Inc.*
883 F.3d 776 (9th Cir. 2018) ... 8

*Bowen v. Energizer Holdings, Inc.*,
118 F.4th 1134 (9th Cir. 2024) ... 7

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ... 11

*Calhoun v. Google, LLC*,
113 F.4th 1141 (9th Cir. 2024) ... 14

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ... 18

*Daghaly v. Bloomingdales.com, LLC*,
No. 23-4122, 2024 WL 5134350 (9th Cir. Dec. 17, 2024) (unpublished) ... 10

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ... 9, 12

*Faulkner v. ADT Sec. Servs., Inc.*,
706 F.3d 1017 (9th Cir. 2013) ... 17

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ... 13

*Garcia v. Enter. Holdings, Inc.*,
78 F. Supp. 3d 1125 (N.D. Cal. 2015) ... 13

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ... 19

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ... 15

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ... 13

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ... 8

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 11

*Javier v. Assurance IQ, LLC*,
No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) (unpublished) .......... 13

*Kimes v. Grosser*,
195 Cal. App. 4th 1556 (2011) .......... 12

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 8

*Lien v. Talkdesk, Inc.*,
No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025) .......... 11

*Lightoller v. Jetblue Airways Corp.*,
No. 23-CV-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) .......... 10, 11

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 7

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) .......... 13

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 18

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 10

*Phillips v. U.S. Customs & Border Prot.*,
74 F.4th 986 (9th Cir. 2023) .......... 10

*Plotnik v. Miehaus*,
208 Cal. App. 4th 1590 (2012) .......... 12

*Posadas v. Goodyear Tire & Rubber Co.*,
No. 23-CV-0402-L-DDL, 2024 WL 5114133 (S.D. Cal. Dec. 13, 2024) .......... 10

*Pristine Jewelers NY, Inc. v. Broner*,
No. 23-MC-80023-BLF, 2023 WL 4629144 (N.D. Cal. July 18, 2023) .......... 8

*Revitch v. New Moosejaw, LLC*,
No. 18-CV-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 18

*Reyes v. Educ. Credit Mgmt. Corp.*,
773 F. App'x 989 (9th Cir. 2019) (unpublished) .......... 13

*Rodriguez v. Google LLC*,
No. 20-CV-04688-RS, 2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 18

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Rogers v. Ulrich*,
52 Cal. App. 3d 894 (1975) ....................19

*Sanders v. Brown*,
504 F.3d 903 (9th Cir. 2007) ....................8

*Smith v. Facebook*,
262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) ....................14, 15

*Smith v. Facebook*,
745 F. App'x 8 (9th Cir. 2018) ....................14

*Smith v. YETI Coolers*, *LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ....................13, 15, 16, 19

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................7, 9

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....................8

*Stewart v. Kodiak Cakes, LLC*,
537 F.Supp. 3d 1103 (C.D. Cal. 2021) ....................2

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................9, 10, 11

*U.S. Dep't of Just. V. Reps. Comm. For Freedom of Press*,
489 U.S. 749 (1989)....................9

*United States v. Bledsoe*,
630 F. Supp. 3d 1 (D.C. Cir. 2022)....................18

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....................2, 8

*Valenzuela v. Keurig Green Mountain, Inc.*,
No. 3:22-CV-09042-JSC, 2023 WL 6609351 (N.D. Cal. Oct. 10, 2023)....................11

*Weston Fam. P'ship LLLP v. Twitter, Inc.*,
29 F.4th 611 (9th Cir. 2022) ....................8

**Statutes**

Cal. Bus. & Prof. Code § 4857 ....................18, 19

Cal. Penal Code § 631.................... *passim*

Cal. Penal Code § 632.................... *passim*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**Other Authorities**

Fed. R. Civ. P. 12 ....... 1, 7, 8, 20

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court should dismiss plaintiffs' claims against VCA because they have not identified an actionable privacy injury or a plausible basis to establish a violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 631, 632 ("CIPA"). VCA is a nationwide provider of veterinary services that operates a website where consumers can search for veterinary hospitals, book veterinary appointments, and search for answers to general questions about pets, among other things. Plaintiffs sued VCA under CIPA for alleged wiretapping and eavesdropping because VCA imbedded a piece of code on its website known as the Meta[1] Pixel (the "Pixel") that purportedly sent plaintiffs' communications about their pets on VCA's website to Meta. Plaintiffs, however, fail to identify the specific information they provided to VCA or explain how it was objectively confidential to establish a violation of CIPA. Plaintiffs therefore fail to allege sufficient facts to establish that they suffered a cognizable privacy injury, particularly when the information at issue related to their pets, not plaintiffs personally. Plaintiffs' claims under CIPA should therefore be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing because they fail to demonstrate the requisite injury-in-fact to state a claim.

Alternatively, plaintiffs' CIPA claims should be dismissed on the merits under Fed. R. Civ. P. 12(b)(6). Plaintiffs fail to allege facts supporting key elements of their claims, including a lack of consent to the disclosure of their allegedly private communications, that VCA knowingly aided a violation of CIPA by Meta, or that plaintiffs' internet communications were objectively confidential as a matter of law. For those reasons, the Court should dismiss plaintiffs' claims against VCA.

## BACKGROUND

### I. VCA is a family of animal hospitals operating the vcahospitals.com website.

VCA operates veterinary hospitals in California and nationwide. (Second Am. Class Action Compl., Dkt. # 61 ("SAC") ¶ 2 .) VCA also manages and operates a website: vcahospitals.com. (*Id.* ¶ 1) (the "VCA Website.")

[1] In 2021, Facebook, Inc., changed its name to Meta Platforms, Inc. Unless otherwise indicated, Facebook, Inc., and Meta Platforms, Inc,. are referenced collectively as "Meta."

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

The VCA Website has both publicly available webpages, which do not require a login, and password-protected webpages, which require a user to have previously set up an account with a login and password. *See* www.vcahospitals.com; www.vcahospitals.com/signup/activate.[2] On the public webpages, a visitor can learn about VCA, search for animal hospitals nearby, and search for pet-related health information, *e.g.*, facts about pet behavior, pet training, common health conditions for household pets, and other similar information. *See* www.vcahospitals.com; (SAC ¶¶ 45, 49-52.)

To access veterinary records, purchase pet medications, or schedule veterinary appointments on the website, however, a visitor must be logged into their "myVCA" account on the VCA Website. (SAC ¶¶ 54, 57); *see also* vhahospitals.com/signup/activate. For example, as shown in plaintiffs' complaint, a consumer may purchase medications or access veterinary records only once they have logged into a "myVCA" account. (SAC ¶¶ 54, 57.)




[2] The Court may take judicial notice of the VCA Website and consider screenshots of that website through the incorporation-by-reference doctrine because plaintiffs refer to and use images from the website to support their allegations. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Stewart v. Kodiak Cakes, LLC*, 537 F.Supp. 3d 1103, 1121-122 (C.D. Cal. 2021) (considering defendant's website advertising as incorporated by reference where plaintiff's complaint included two inserted pictures taken from site).




(SAC ¶¶ 54, 57.)

## II. VCA's Privacy Policy, which plaintiffs agreed to, provides that users expressly consent to the data sharing at issue.

The VCA Website has terms and conditions that its users agree to prior to use. Each time a visitor logs into their "myVCA" account on the VCA Website—*i.e.*, to check for veterinary appointments, shop for medications, or update their pet information—the visitor agrees to VCA's Privacy Policy and the Terms and Conditions for the VCA Website. *See* https://www.vcahospitals.com/terms-and-conditions; (SAC ¶ 73) (referencing certain VCA "Terms of Service" at same.) Because all three named plaintiffs allege that they "scheduled veterinary appointments" and "checked [their] pet's medical records" on the VCA Website, each plaintiff must have created a "myVCA" account and agreed to VCA's Terms and Conditions and Privacy Policy for each website visit at issue in this case (because they could not have engaged in the transactions at issue without logging into their myVCA accounts). (*See* SAC ¶¶ 4–6).

As illustrated in the screenshot below, to log into the myVCA account, the user is expressly notified that "[b]y logging in to your myVCA account, you agree to VCA's Privacy Policy and Terms and Conditions," which are both conspicuously hyperlinked on the login page.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910




*See* https://vcahospitals.com/login.

VCA's linked Terms and Conditions provide, in part, as follows:

> These are the specific terms and conditions regarding your use of VCA's websites and any online or mobile application (each an "App") that run on any smart phones, tablets, or other devices, that link to these terms of use, including without limitation vca.com, vcahospitals.com, and the myVCA™ App (collectively, the "Sites").
>
> * * *
>
> **PRIVACY**
>
> Your privacy is important to us. See our Privacy Statement, available at https://vcahospitals.com/privacy-policy for information on the privacy and security practices of VCA. For Residents of Canada, please see our Privacy Statement available at https://vcacanada.com/privacy-policy for information on the privacy and security practices of VCA applicable to Canadian residents.
>
> **CONSENT TO USE OF DATA**

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

> To facilitate purchase of products, product support and other services we may provide you, you agree that VCA and/or its third party service providers may collect, use, store and transmit personally identifiable information about you, including information that identifies your computer, mobile device, tablet, operating system, software, and peripheral hardware. In addition, VCA and/or its third party service providers may collect and store non-personally identifiable usage statistics. VCA and/or its third party service providers may use this information in the aggregate, in a form which does not personally identify you, to improve its products and services and may share anonymous aggregate data with third parties.
>
> Please see our Privacy Statement for more information about the use of your data. To view our Privacy Statement, please click here (for residents of Canada, please see our Privacy statement available here).
>
> * * *

(*See* Decl. of Kristin Asai in Supp. of Mot. to Dismiss Second Am. Class Action Compl. ("Asai Decl."), Ex. 1 at 1–2.) VCA's Privacy Policy, which is expressly referenced and linked in its Terms and Conditions, further provides that VCA may collect and share "customer records" including "purchase history" and "other information about your use of [VCA's] products or services" with "third parties" and advertising partners. (Asai Decl. Ex. 2 at 7, 14, 42.) That policy also explains that "[i]nformation we collect about your pet – like your pet's species, breed, birthday, or treatment history" is not considered "[p]ersonal" data and therefore is not subject to any heightened confidentiality requirements. (*Id.* at 17.)

## III. Plaintiffs sued VCA for allegedly wiretapping their communications on the VCA Website.

Plaintiffs are three pet owners who assert two claims on behalf of themselves and a putative class of "all California residents who have a Facebook account and accessed and navigated the [VCA Website] when in California." (SAC ¶ 86.)[3] Plaintiffs bring two claims: (1) violations of § 631 of

[3] Plaintiffs initially filed this action in November 2023 in the U.S. District Court for the District of Oregon against the wrong entity. (Dkt. # 1.) Plaintiffs later amended their complaint to assert claims against VCA (and other defendants) and VCA filed a motion to dismiss based on lack of personal jurisdiction and other arguments. (Dkts. # 13, 22.) VCA's prior motion to dismiss was fully briefed by July 2024, and was set for hearing in the District of Oregon in August 2024. (Dkts. # 32, 33, 34.) However, the day before the hearing, plaintiffs asked the District of Oregon to postpone the hearing and later agreed to dismiss several defendants with prejudice and to transfer



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

CIPA (Count I) for aiding Meta's allegedly illegal wiretapping; and (2) violations of § 632 of CIPA (Count II) for illegally eavesdropping or recording their confidential communications. (*Id.* ¶¶ 93–105, 106–15.) For both Count I and Count II, plaintiffs seek statutory damages of $5,000 per violation. (*Id.* ¶¶ 105, 115.)

For Count I, plaintiffs allege that Meta, which is not a defendant in this lawsuit, "willfully and without the consent of all parties to the communication . . . read, attempted to read, and/or learned the contents or meaning of electronic communications" between plaintiffs and VCA while "the electronic communications were in transit or were being sent from or received at any place within California." (*Id.* ¶ 99.) Plaintiffs allege they did not "provide their prior consent" to Meta's interception of their communications. (*Id.* ¶ 103.) To demonstrate their alleged lack of consent, plaintiffs expressly rely on VCA's Terms and Conditions, discussed above, which they allege do not disclose the wiretapping by Meta. (*Id.* ¶ 73.) To hold VCA liable, plaintiffs allege that VCA "aided, agreed with, employed, permitted, or otherwise enabled Meta" to intercept their communications using the Pixel and that plaintiffs did not "provide their prior consent" to VCA's aiding or enabling of Meta's conduct. (*Id.* ¶¶ 101, 103.)

Plaintiffs, however, do not specify the information they allegedly conveyed to VCA and was intercepted by Meta. Instead, as described above, they vaguely allege that they "scheduled veterinary appointments," "purchased veterinary medications," or "checked [their] pet's medical records." (*Id.* ¶¶ 4–6.) Plaintiffs identify the types of information a person *could* provide to VCA—not necessarily the information plaintiffs *did* provide—to schedule an appointment for their pet, including:

- "whether their pet is a dog or cat";
- the pet's name;
- the "reason for their visit";
- available dates and times for a veterinary appointment;
- the user's "full name, email address, and mobile number";

---

plaintiffs' claims against VCA to this Court, which mooted VCA's prior to motion to dismiss. (*See* Dkt. # 42.) Plaintiffs have now filed their Second Amended Complaint against VCA in this Court in March 2025, which is their third attempt to plead plausible CIPA claims arising from transactions on the VCA Website.



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- the "name of the medications."

(*Id.* ¶¶ 49–56.) Plaintiffs never allege that they specifically shared any of that data or information on the VCA Website.

For Count II, plaintiffs allege that the Pixel is an "electronic amplifying or recording device" under CIPA § 632, that plaintiffs did not consent to Meta's actions, and that they had a reasonable expectation of privacy that their communications concerning "veterinary services" would be kept confidential, and therefore constitute "confidential communications" under California law. (*Id.* ¶ 110.) Plaintiffs allege that the following types of information that they (or the putative class) provided to VCA was confidential: "(i) pet names; (ii) type of veterinary appointment, (*e.g.*, general wellness, checkup, emergency); (iii) the time and date of a veterinary appointment; (iv) Plaintiffs' . . . personally identifying information (*e.g.*, full name, email address, phone number; (v) the medications searched for and purchased by Plaintiffs . . . ; and (vi) pet profile views." (*Id.* ¶ 111.) However, as discussed above, plaintiffs do not allege what specific information they actually provided to VCA and allegedly intercepted by Meta.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

Under Rule 12(b)(1), a complaint should be dismissed if a plaintiff cannot satisfy Article III's case or controversy requirement, which requires a plaintiff to "establish that she has standing to invoke the jurisdiction of the federal courts." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024). The "irreducible constitutional minimum of standing" to bring a lawsuit requires three elements: (1) the plaintiff suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, the plaintiff must "clearly allege" facts demonstrating each element. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up). For a putative class action, "even named plaintiffs who represent a class must allege and show that they personally have been injured." *Id.* at 338 n.6 (cleaned up). If a plaintiff fails to demonstrate standing,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

their claims must be dismissed. *See Bassett v. ABM Parking Servs., Inc.* 883 F.3d 776, 779, 783 (9th Cir. 2018) (affirming dismissal for failure to demonstrate standing).

**II. Rule 12(b)(6)**

Under Rule 12(b)(6), a complaint should be dismissed if it fails to include "enough facts to state a claim to relief that is plausible on its face." *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022) (cleaned up). A complaint's claims are plausible when the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). The allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Generally, a district court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up). However, a court may consider materials that are attached to or necessarily relied upon in the complaint, as well as matters of public record as part of a Rule 12(b)(6) motion. *Id.* at 688–89. The incorporation by reference doctrine permits courts to consider documents on which the complaint relies if the document is central to a claim and no party questions its authenticity. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Courts take judicial notice of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Ritchie*, 342 F.3d at 908–09 (cleaned up). Courts regularly consider a website's terms of service, conditions, and/or privacy policies as properly incorporated by reference when a complaint references those policies in data privacy actions. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1119 (C.D. Cal. 2024) (considering defendant website's privacy policy as properly incorporated by reference where complaint expressly references policy); *Pristine Jewelers NY, Inc. v. Broner*, No. 23-MC-80023-BLF, 2023 WL 4629144,

at *3 (N.D. Cal. July 18, 2023) (finding website printouts authentic due to declaration that provided indicia of authenticity.)

## ARGUMENT

Plaintiffs' claims should be dismissed for two reasons. First, plaintiffs fail to allege sufficient facts establishing any actual personal privacy injury necessary to establish standing. Second, even if plaintiff could show they have standing—which they cannot—plaintiffs' CIPA claims fail as a matter of law because they fail to state a claim under CIPA.

### I. Plaintiffs lack standing because they do not allege sufficient facts of a concrete privacy injury.

Plaintiffs' claims against VCA should be dismissed for the threshold failure to demonstrate that plaintiffs have Article III standing to assert their CIPA claims against VCA. To demonstrate the requisite "injury in fact" for standing, plaintiffs must establish an "invasion of a legally protected interest," which depends on a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 339, 341. An alleged statutory violation, without more, does not establish standing. *Id.* at 341 (noting that a "bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III.")

In analyzing CIPA, the Ninth Circuit has concluded that "the California legislature intended to protect . . . historical privacy rights" that "have long been actionable at common law" when it passed CIPA into law. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (cleaned up). That is because "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *U.S. Dep't of Just. V. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (to allege a concrete harm, the alleged injury must bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," such as "disclosure of private information" and "intrusion upon seclusion"). Thus, to sufficiently plead a concrete injury for standing, a plaintiff must specify the private information concerning him or herself that was provided to the defendant and how the defendant's conduct caused concrete harm

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

to the plaintiff. *See, e.g., Daghaly v. Bloomingdales.com, LLC*, No. 23-4122, 2024 WL 5134350, at *1 (9th Cir. Dec. 17, 2024) (unpublished) (affirming dismissal of CIPA claim on standing grounds when the plaintiff only made "general allegations about how [the defendant's website] intercepts website visitors' communications and monitors their actions" but did not allege that she made specific communications that were intercepted); *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 996 (9th Cir. 2023) (concluding that a plaintiff failed to establish a concrete privacy injury when the unlawfully obtained information is not "so sensitive that another's access to that information 'would be highly offensive to a reasonable person'"); *Posadas v. Goodyear Tire & Rubber Co.*, No. 23-CV-0402-L-DDL, 2024 WL 5114133, at *4 (S.D. Cal. Dec. 13, 2024) (dismissing CIPA claims with prejudice on standing grounds because the plaintiff made only generalized and conclusory allegations and did not "identify personal information he shared during his visit to the Website"); *Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (granting motion to dismiss in CIPA case where the plaintiff failed to identify any personal information collected by the defendant); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (noting that "[t]o survive a motion to dismiss, a plaintiff must identify the 'specific personal information she disclosed that implicates a protectable privacy interest.'") (cleaned up).

For example, in *Lightoller*, the court dismissed a plaintiff's CIPA claims for lack of standing because the plaintiff failed to specify the private information that the defendant allegedly captured on the defendant's website through similar website tracking software to the Pixel. 2023 WL 3963823, at *1–2. Trying to establish standing, the plaintiff argued that the Ninth Circuit's decision in *In re Facebook, Inc. Internet Tracking Litig.* and similar cases established that any alleged CIPA violation met the Article III requirement for standing. *Id.* at *3. The court disagreed, explaining that those decisions are "untenable" after the U.S. Supreme Court's decision in *TransUnion* that "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (quoting *TransUnion*, 594 U.S. at 414). The court therefore analyzed the specific information that the software allegedly recorded—the plaintiff's "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of webpages visited, and/or other electronic

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

communications in real-time"—and concluded it was not sufficiently personal to create a privacy injury. *Id.* at *4.

Like *Lightoller*, several cases since *TransUnion*, including cases in the Northern District, have dismissed website privacy claims based on standing when the plaintiff failed to allege that the defendant actually collected the plaintiff's private information. *See, e.g., Lien v. Talkdesk, Inc.*, No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (granting motion to dismiss CIPA claim for lack of standing because the plaintiff failed to allege that the website intercepted private personal information, noting "whether [CIPA's privacy] interest is infringed depends on whether the information at issue is actually personal and private"); *Valenzuela v. Keurig Green Mountain, Inc.*, No. 3:22-CV-09042-JSC, 2023 WL 6609351, at *3 (N.D. Cal. Oct. 10, 2023) (same); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) ("Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest. She therefore has not identified any harm to her privacy."); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) (holding "the collection of email addresses, phone numbers, Zynga usernames, Zynga passwords, and Facebook usernames" was not sufficiently concrete and private to confer standing because the information is not "so private that [its] revelation would be highly offensive to a reasonable person").

Plaintiffs' allegations here similarly fail to establish an injury-in-fact. Plaintiffs generally allege that they "scheduled veterinary appointments," "purchased veterinary medications," or "checked [their] pets' medical records." (SAC ¶¶ 4–6.) But critically, plaintiffs do not identify what information they specifically provided to VCA that was allegedly intercepted or explain how it was private and personal. (*See id.*) Rather, plaintiffs only allege that a person *could* provide certain types of information to VCA while making an appointment or shopping for veterinary pharmaceuticals, *i.e.*, the type of animal, the animal's gender, the date of the requested appointment, etc. (*See id.* ¶¶ 49-56.) But plaintiffs never allege that they actually communicated that specific information to VCA and that it was ever transmitted to Meta, purportedly causing injury to plaintiffs. Tellingly, plaintiffs rely on a profile from an unknown person named "Chad"—not alleged to be associated with

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

plaintiffs—as an example of the information that could be viewed on the myVCA page without alleging specific facts about their own interaction on the website or the specific facts alleged to be private. (*See id.* ¶ 57 (showing a screenshot for a user named "Chad" (not any plaintiff's name) who has entered information about his dog "Pepper" the corgi).) But even that "example" screenshot leaves VCA—and this Court—wondering what information is allegedly so personal and private to constitute a legally cognizable privacy injury: is it the name of hypothetical user's pet? The breed? The sex or weight of the pet? Plaintiffs never specify. And even if they did, their complaint only alleges that the Pixel transmitted the fact that the user viewed their pet's profile page on the website, <u>not</u> any details about the pet itself.

But even assuming plaintiffs conveyed information about their pets to VCA, and even assuming the Pixel transmitted that information to Meta, the information at issue relates to animals, not plaintiffs personally. Pet information is not the type of information "concerning his or her person" that is historically recognized as private and could qualify for a privacy injury. *In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d at 598. Pets are property under the law. *See, e.g.*, *Plotnik v. Miehaus*, 208 Cal. App. 4th 1590, 1606–08 (2012) (allowing recovery of emotional distress damages from trespass to chattel arising from defendant's act of intentionally striking plaintiff's dog); *Kimes v. Grosser*, 195 Cal. App. 4th 1556, 1559 (2011) ("Pets are considered property of their owners[.]"). Accordingly, plaintiffs have failed to plead facts demonstrating that the Pixel transmitted their personal and private information to constitute a concrete privacy injury and the Court should dismiss plaintiffs' claims for lack of standing.

## II. Plaintiffs' claims should be dismissed because plaintiffs fail to allege a plausible claim under CIPA.

Even assuming plaintiffs sufficiently alleged a privacy injury, which they have not, plaintiffs' CIPA claims fail on the merits. Plaintiffs assert two separate claims under CIPA: violations of § 631(a) (Count I) and violations of § 632 (Count II), which each contain separate elements. Each claim fails as a matter of law.

Section 631(a) of CIPA protects against three distinct types of harm: (1) "intentional wiretapping"; (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire"; and (3) "attempting to use or communicate information obtained as a result of engaging

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

in either of the two previous activities." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1091 (N.D. Cal. 2022). "Section 631(a) further contains a fourth basis for liability, for anyone 'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the' other three bases for liability." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting Cal. Penal Code § 631(a)). Plaintiffs appear to only assert liability against VCA for aiding Meta's alleged wiretapping under the second and third theories of liability.

Section 632 of CIPA, in contrast, provides only a single theory of liability. Section 632 bars "unconsented-to eavesdropping or recording of conversations," *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002), and applies only to "confidential" communications. Cal. Penal Code § 632(a), (c). Unlike § 631(a), § 632 does not expressly provide for derivative liability. *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 944 (N.D. Cal. 2024). Instead, to establish aiding and abetting liability under § 632, a plaintiff must plead sufficient facts that the defendant had knowledge of the other's wrongful conduct and provided substantial assistance to the other party. *Id.* at 944.

Here, plaintiffs fail to plead the requisite elements under either § 631 or § 632 for three independent reasons. First, plaintiffs fail to plead their lack of consent to the alleged misconduct, which is fatal to their claims on Count I (§ 631) and Count II (§ 632). Second, plaintiffs fail to allege that VCA intentionally aided Meta's alleged wiretapping under Count I (§ 631). And third, plaintiffs fail to allege that VCA is liable for eavesdropping on plaintiffs' confidential communications under Count II (§ 632) because those communications were not confidential and VCA could not eavesdrop on them as a matter of law. Accordingly, each theory of plaintiffs' CIPA claims fails and their claims should be dismissed.

### A. Plaintiffs' claims under § 631 (Count I) and § (Count II) fail because plaintiffs consented to the sharing of customer records and purchase history with Meta

Under CIPA, "lack of consent is an express element of a claim" and "must be alleged in the complaint." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015); *see also Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (unpublished) (holding that § 631(a) requires "prior consent" and the plaintiff sufficiently alleged that he did not provide express prior consent); *Reyes v. Educ. Credit Mgmt. Corp.*, 773 F. App'x 989, 990

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

n.1 (9th Cir. 2019) (unpublished) ("[T]he plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent to record."). Specifically, CIPA § 631 requires that a plaintiff establish the alleged interception occurred "without the consent of all parties to the communication" and CIPA § 632 requires that the eavesdropping occur "without the consent of all parties . . . ." Cal. Penal Code §§ 631(a), 632(a).

Consent to a website's collection of data can be express or implied as long as it is "actual." *Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024). To constitute actual consent, the disclosures must explicitly notify users of the conduct, the consent must encompass the "particular conduct, or [] substantially the same conduct," and the alleged tortfeasor must not exceed that consent. *Id.* The Court should therefore review the terms of the various disclosures and decide "whether a reasonable user reading them would think that he or she was consenting to the data collection." *Id.* at 1148. Thus, a defendant does not exceed the scope of consent where a "reasonable person" would view the disclosures and understand that the website was disclosing the type of personal information alleged to be at issue. *Smith v. Facebook*, 745 F. App'x 8, 8–9 (9th Cir. 2018) (unpublished); *see also Smith v. Facebook,* 262 F. Supp. 3d 943, 953 (N.D. Cal. 2017) (dismissing CIPA claims based on disclosures in website terms for failure to plead lack of consent where the plaintiffs "allege[d] that they relied on" the defendants' assertions in those terms).

Here, plaintiffs cannot show lack of consent as a matter of law. VCA's privacy policy, which plaintiffs admittedly knew about and agreed to, disclosed that pet information is not personal data, and further disclosed that VCA may share information like "purchase history" and "[o]ther information" with third parties like Meta for advertising purposes. (Asai Decl., Ex. 2 at 14, 16, 17.) Thus, a reasonable viewer of VCA's disclosures would understand that VCA may share their customer's information, including "the names of [their] pets, the details of a veterinary appointment, and what medications are being purchased for those pets" with Meta for the purpose of facilitating targeted advertising based on those terms. (SAC ¶ 71.) Accordingly, plaintiffs fail to plausibly plead a lack of consent because they rely on VCA's terms to establish the scope of VCA's permissible sharing and VCA did not exceed the scope of those terms.

In addition, plaintiffs authorized such disclosures when they agreed to Meta's Terms of Service. Plaintiffs admit that they accepted Meta's Terms of Service, Cookies Policy, and Privacy Policy when signing up to use Meta. (*Id.* ¶ 77.) Plaintiffs then admit that, through those policies, Meta discloses that they collect data to personalize ads and that Meta "collect[s] and receive[s] information from partners" and that type of information may include "[w]ebsites you visit and cookie data, like through Social Plugins or the Meta Pixel[.]" (*Id.* ¶ 79.) Plaintiffs have therefore consented to the sharing of their data with Meta when they accepted Meta's policies as well as through VCA's Terms and Conditions. *See Smith*, 262 F. Supp. 3d at 954–55 (holding that Facebook's terms precluded CIPA claim based on the plaintiff's consent to the information sharing), *aff'd*, 745 F. App'x at 8–9 ("A reasonable person viewing those disclosures would understand that Facebook maintains the practices of (a) collecting its user's data from third-party sites and (b) later using the data for advertising purposes. Knowing authorization of the practice constitutes Plaintiff's consent."). Because plaintiffs here fail to plausibly plead a lack of consent, their claims under both § 631 and § 632 of CIPA should be dismissed.

**B. Plaintiffs' claim under § 631 (Count I) also fails because plaintiffs fail to allege aiding and abetting by VCA.**

Plaintiffs' claim under § 631(a) against VCA also fails because plaintiffs do not allege sufficient facts to plausibly allege aiding and abetting liability. As described above, aiding and abetting liability requires a plaintiff to plead one of the primary theories of liability under § 631(a) and that the defendant "aid[ed], agree[d] with, employ[ed], or conspire[d] with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Cal. Penal Code § 631(a). For the reasons described above, plaintiffs fail to establish any unlawful wiretapping by Meta, so VCA cannot be liable for aiding that conduct as a matter of law. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (defendant was "not liable for aiding and abetting [another's] wrongdoing [under § 631] because there is no wrongdoing").

In addition, plaintiffs fail to plead that VCA knowingly aided Meta in any unlawful conduct to satisfy the requirements for aiding liability under § 631(a). As this Court recently held, CIPA's fourth clause—the clause providing aiding liability—requires "some level of knowledge and intent"

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

because it prohibits a defendant from "aiding, agreeing with, or employing a third party '*to* unlawfully do, or permit, or cause'" the third party to act in violation of the wiretapping statute. *Smith*, 754 F. Supp. 3d at 942 (quoting Cal. Penal Code § 631(a)). "That language indicates that the defendant must be acting with the third party *in order to* have the third party perform acts that violate the statute," such that aiding and abetting liability does not extend to a defendant who "properly and lawfully provides information or access to a third party without any knowledge or intent that the third party will use the information in a manner that violates the statute." *Id.* Thus, the court held that a plaintiff must allege facts "sufficient to show the requisite knowledge and intent" by the defendant that the third party will perform acts that violate the wiretapping statute. *Id.* at 946. The court therefore dismissed the aiding and abetting claim because the plaintiff only made conclusory allegations that the defendant was "aware" that the third party "collects consumers' sensitive information," and did not allege facts showing that the defendant knew the third party's services were based on allegedly illegal interception. *Id.*

Plaintiffs' allegations are similarly conclusory here, and fail to allege sufficient facts establishing aiding liability against VCA. Specifically, plaintiffs allege only the following facts with respect to VCA's alleged aid to Meta:

- "Defendant owns and operates the [VCA Website.]"
- "Defendant has integrated the Meta Tracking Pixel into the [VCA Website.]"
- "On the [VCA Website], pet owners can schedule appointments, purchase medications, and check their pet's medical records. When pet owners use these functionalities, they must provide Defendant with confidential information about themselves and their pets."
- "Unbeknownst to pet owners, however, Defendant aids, agrees with, employs, or otherwise enables Meta to eavesdrop on those confidential communications using Meta's Business Tools."
- "At all relevant times, Defendant aided, agreed with, employed, permitted, or otherwise enabled Meta to wiretap Plaintiffs and Class Members using the Business Tools and to accomplish the wrongful conduct at issue here."

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

(SAC ¶¶ 44–46, 101.) Nothing in those allegations demonstrates that VCA knew or intended for Meta to illegally intercept plaintiffs' confidential communications. Rather, those allegations merely establish that VCA intentionally imbedded the Meta Pixel on the VCA Website with general awareness that Meta could collect certain information about its users from that website, which the *Smith* court held was insufficient for aiding liability under CIPA.

In addition, even accepting plaintiffs' allegations as true, plaintiffs admit they agreed to Meta's Terms of Service, which authorized Meta to obtain their data from third party websites, like the VCA Website, and VCA's Terms and Conditions notified plaintiffs that they could share certain customer data with third parties, like Meta. (SAC ¶¶ 73, 77–79.) Thus, the only reasonable inference from those allegations is that VCA did not intend or know that Meta would engage in illegal interception of plaintiffs' communications, but expressly believed Meta was authorized to obtain the information. Plaintiffs therefore fail to plead sufficient facts for aiding and abetting liability, and their claim under § 631(a) against VCA should be dismissed.

### C. Plaintiffs' claim under § 632 (Count II) also fails because plaintiffs do not allege that VCA intentionally eavesdropped on any confidential communications.

Plaintiffs also fail to allege liability against VCA under § 632 of CIPA and Count II should be dismissed. Section 632 of CIPA imposes liability on "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ." Cal. Penal Code § 632(a). Section 632 therefore applies only to "confidential" communications, and excludes communications made "in any . . . circumstance in which the parties to the communication may reasonably expect that the communication may be . . . recorded." Cal. Penal Code § 632(c). As described above, plaintiffs' § 632 claim fails because plaintiffs do not allege sufficient facts to establish lack of consent. In addition, plaintiffs' § 632 claim fails because plaintiffs do not allege that they engaged in objectively confidential communications or that VCA can be held liable for improperly "eavesdropping" on those written online communications.

First, plaintiffs fail to allege sufficient facts to establish the confidentiality of their communications. Confidentiality is an objective standard and requires a plaintiff to "allege facts

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

that would lead to the plausible inference that [the plaintiff made] a confidential communication—that is, a communication that he had an objectively reasonable expectation was not being recorded." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013). Written online communications are generally considered not "confidential" as a matter of law because, by their very nature, they are memorialized in writing (*i.e.*, "recorded") and could be shared beyond the immediate recipient. *See, e.g., Revitch v. New Moosejaw, LLC*, No. 18-CV-06827, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (collecting cases and noting presumption that internet communications are not confidential); *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051–52 (N.D. Cal. 2018) (dismissing § 632 claim because "[i]nternet-based communications are not 'confidential' within the meaning of section 632"). A plaintiff can only overcome this presumption by pleading "unique, definite circumstances rebutting California's presumption against online confidentiality." *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021).

Plaintiffs fail to rebut the presumption for at least two reasons. First, the very nature of the alleged communications—scheduling an appointment and ordering pet medications—anticipate that those communications would be shared (and even recorded) to fulfill the requests. *See, e.g.*, *Revitch*, 2019 WL 5485330, at *3 (no reasonable expectation of confidentiality existed for information provided in form fields); *see also United States v. Bledsoe*, 630 F. Supp. 3d 1, 12–13 (D.C. Cir. 2022) (finding no reasonable expectation of privacy in information voluntarily conveyed to third party online).

Second, because the communications only pertain to plaintiffs' animals—not their own personal medical information—it does not meet the confidentiality standard that courts have deemed necessary to rebut the presumption. *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022) (noting "health-related communications with a medical provider are almost uniquely personal" and subject to HIPAA authorizations, and therefore were sufficient to rebut the presumption). Plaintiffs' reliance on a licensing statute for veterinarians under the California Business and Professions Code that provides that "any communications involving 'information concerning an animal receiving veterinary services' . . . qualify as 'confidential

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

communications' under California law" also does not rebut the presumption. (*See* SAC ¶ 110 (citing Cal. Bus. & Prof. Code § 4857(a), *see also id.* ¶¶ 19–23.) Plaintiffs fail to show how a statute setting forth a licensing requirement for veterinarians would establish a reasonable expectation of privacy for plaintiffs' communications on the VCA Website. In addition, that statute provides that information about an animal patient may be disclosed "[u]pon authorization" of the "client," Cal. Bus. & Prof. Code § 4857(a), and plaintiffs authorized those disclosures under VCA's Terms and Conditions, the related privacy policy, as well as Meta's terms, as discussed above. Accordingly, plaintiffs cannot establish the objective confidentiality of their online communications as a matter of law.

Plaintiffs' § 632 claim also fails for the independent reason that they fail to allege that VCA—the named defendant—engaged in improper eavesdropping. Plaintiffs' § 632 claim alleges that the Pixel constitutes the prohibited "recording device," that the Pixel allowed "*Meta* to eavesdrop upon and record the confidential communications of Plaintiffs . . . and Defendant," and that plaintiffs "did not consent to any of *Meta*'s actions." (SAC ¶¶ 112, 114 (emphasis added).) Plaintiffs therefore concede that VCA was the intended recipient of plaintiffs' communications and could not be liable for eavesdropping on those same communications. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1089 (N.D. Cal. 2018) (dismissing § 632 claim because the defendant rideshare company did not "eavesdrop" on "communications" between its own fake customer accounts and competitor); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (cleaned up) (holding that to eavesdrop means "to listen secretly to what is said in private. It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation."). Thus, plaintiffs' allegations only assert that Meta purportedly engaged in prohibited eavesdropping, and therefore fail to state a claim against VCA under § 632.

To the extent plaintiffs seek to assert derivative liability against VCA under § 632, their claim also fails. Unlike § 631(a), § 632 does not expressly provide for derivative liability. *Smith*, 754 F. Supp. 3d at 944. To plead derivative liability, plaintiffs would need to allege the common law elements for aiding and abetting, *i.e.*, that the defendant knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act. *Id.*

Plaintiffs do not even attempt to meet this standard. As described above, plaintiffs' allegations fail to put forth any facts demonstrating that VCA had knowledge that Meta was violating CIPA or that VCA had the intent or purpose to aid Meta in those violations. Accordingly, plaintiffs' § 632 claim should be dismissed.

**CONCLUSION**

For the reasons discussed above, VCA respectfully requests that plaintiffs' claims be dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1) or failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: April 14, 2025 HOLLAND & KNIGHT LLP

*s/ Kristin Asai*
Ashley L. Shively
Shannon Armstrong
Kristin Asai

Attorneys for Defendant
VCA Inc.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910